IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL D ADKINS**                                                                                      **PLAINTIFF**

**V.**                                              **CASE NO. 4:21-CV-00980-LPR**

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration**                                                                        **DEFENDANT**

## ORDER

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). *Doc.* 15. Plaintiff requests an award of $6,679.40, representing 29.55 hours of work performed during the years 2021 and 2022, at hourly rates of $218 and $228 respectively. Plaintiff has submitted information from the U.S. Department of Labor's Consumer Price Index (CPI) as support for the hourly rates requested. *See Docs.* 15–2, 15–3, 15–4. Defendant does not object to the hours submitted or the hourly rates proposed by Plaintiff. *Doc.* 17.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.[1] On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot exceed this hourly rate unless the Court determines that a higher fee is justified based on an increase in cost of living or another special factor.[2] The decision to increase the hourly rate is not

---

[1] 28 U.S.C. § 2412(d)(1)(A).

[2] *Id*. § 2412(d)(2)(A).

automatic and remains at the discretion of the district court.[3]  The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.[4]

The Eighth Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[5]  Use of the CPI "should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit."[6]

Plaintiff has demonstrated that prior decisions from this district have authorized the hourly rate he requests for 2021.  The Court finds that the rate Plaintiff has requested for 2021 is reasonable based on both the CPI and prior decisions in this district.  As for the requested 2022 rate, he presents a calculation:  "December 2021 278.802 x 125 divided by 152.4 (December 2021 CPI-U) = $228 rounded."  *Doc.* 16 at 7.  He explains that "[t]his is proper as the correct EAJA rate each year is calculated based upon the CPI for December of the previous year." *Id*.  He does not cite to any other cases in this district which have awarded the $228 figure.

Many courts in the Eighth Circuit employ a standard calculation using the CPI to determine the appropriate cost-of-living adjustment.  In those cases, the adjustment is typically calculated by multiplying the CPI for the year in which attorney fees are sought by the standard EAJA rate ($125), and then dividing the product by the CPI applicable to March 1996, the month the statutory

---

[3] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.1989).

[4] *See Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

[5] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[6] *Id*.

cap was imposed.[7]  Fee awards in the Western District of Arkansas, where Plaintiff's attorney often practices, are based on rates calculated with regional, rather than national, CPI figures.[8]

The Eastern District of Arkansas has not cabined the Court's discretion to a particular application of CPI figures in awarding attorney fees.[9]  In cases filed by another attorney in this district, however, the Commissioner has agreed to pay enhanced hourly rates for attorney work based on an increased cost of living, calculating the applicable rate on an annualized basis using the mid-year national CPI.[10]  To promote consistency of fee awards in this district, the Court believes that Plaintiff should be allowed a comparable enhancement of $218 for the work performed in 2022.

No objection is made to the number of hours requested, but a review of counsel's itemization demonstrates that the request should be slightly reduced.  For instance, counsel seeks reimbursement for 1.95 hours spent reviewing filing deadlines, preparing the *in forma pauperis* application, and performing tasks related to service of process.  This Court finds this time excessive

---

[7] *See, e.g.*, *Knudsen v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004).

[8] *See, e.g.*, *Snell v. Kijakazi*, No. 4:21-cv-4029, 2022 WL 1178510, at *3 (W.D. Ark. Apr. 20, 2022) (hourly rate calculated by multiplying CPI-South by 125, then dividing the product by the CPI-South figure for March 1996, which is 152.4).

[9] *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1009 (E.D. Ark. 2011) ("[T]he Court rejects the notion that attorney's fees should be determined using an hourly rate calculated simply by multiplying $125 per hour by a number derived from the Consumer Price Index."). If the Court were to employ such a calculation, however, it would differ from the one proposed by Plaintiff, which conflates regional and national CPI figures by using a national CPI figure for December 2021 and a regional CPI figure for the March 1996 denominator.

[10] The agreement is between The Bartels Law Firm and the Office of General Counsel, Region VI, Social Security Administration. It is set forth in a letter dated November 21, 2002, a copy of which has been attached to Bartels' fee petitions in a number of cases in the Eastern District of Arkansas. *See, e.g.*, *Maxwell v. Kijakazi*, No. 3:20-cv-00408, *Doc.* 24–1 at 1-2.

and largely clerical, and thus awards only .5 hours for these entries.[11]  Additionally, the Court notes that one thirty-minute entry on counsel's billing sheet is described as "post filing correspondence to client" on January 7, 2022.  Nothing was filed in this case on or around that date.  Without further explanation, this time seems excessive, especially since Defendant had not yet answered the Complaint, and counsel had already spent 2.45 hours corresponding with Plaintiff by that time.[12]  The Court will therefore award only .2 hours for this entry.

Based on the above, the Court awards Plaintiff attorney fees under the EAJA for 27.8 hours (29.55 minus 1.75) at a rate of $218.  Accordingly, Plaintiff's motion (*Doc.* 15) is GRANTED in part.  Plaintiff is hereby awarded $6,060.40 in attorney fees pursuant to the EAJA.  Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of his attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 9th day of June, 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[11] *See Granville House, Inc. v. Dep't of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA).

[12] *See Theis*, 828 F. Supp. 2d at 1010 (describing thirty-minute phone calls with client as excessive "where the primary work consisted of reviewing a record and writing briefs, and where the representation began with a client consultation of 1.5 hours followed two subsequent client consultations of .75 hours each").